# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DARLENE BROWN,**

**Plaintiff,**

v.

No. CIV 97-0493 HB/JHG

**GADSDEN INDEPENDENT SCHOOL
BOARD OF EDUCATION, et al.,**

**Defendants.**

ENTERED ON DOCKET

8/30/99

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss. On July 29, 1998, the Court entered its Memorandum Opinion and Order granting in part Defendants' Motion to Dismiss and finding Plaintiff's Original Complaint did not contain specific allegations that would overcome Defendants' qualified immunity defense. The Court granted Plaintiff leave to amend her Complaint. Defendants now move the Court to dismiss Plaintiff's Amended Complaint contending it also fails to meet the heightened pleading standard required by the Tenth Circuit. Having reviewed the motion, the memoranda in support and in opposition, and the relevant law, the Court finds that the motion is not well taken and will be denied.

## I. Factual Background

Defendant Board of Education of Gadsden Independent School District (the Board) employed Plaintiff as the Director of Curriculum, Instruction and External Funding from 1990 to 1996. From 1993 until her dismissal, Plaintiff's immediate supervisor was Defendant Cynthia Nava. Plaintiff was responsible primarily for curriculum development and the administration of

projects sponsored by external funding sources. Plaintiff, along with other Gadsden Independent School District (GISD) employees, was involved in the Curriculum Alignment Project (CAP). Plaintiff also evaluated GISD curriculum and externally funded projects.

Starting in 1994 and into 1996, Plaintiff criticized GISD programs at meetings within the district and at community meetings. Some of Plaintiff's criticisms touched on 1) the need to improve bilingual testing; 2) the need to improve the bilingual education program; and 3) the need for responsible management of programs sponsored by grants and contracts. In regards to grant and contract programs, Plaintiff criticized the management, staffing, appropriation of funds and the failure to follow the intent of those programs.

At a meeting held in August of 1995, Defendants Parks and Nava disciplined Plaintiff for allegedly sharing confidential information regarding the hiring requirements of a grant project. Apparently the person the Board hired did not have the required home economics background. At the same meeting, Defendants Parks and Nava accused Plaintiff of overstepping her bounds by providing assistance to a GISD teacher in obtaining a student teacher.

In November of 1995, Plaintiff recommended Dr. Bob Tipton as the evaluator of the Goals 2000 Curriculum Project, a district bilingual education project. Defendant Parks and Nava questioned Plaintiff's recommendation and cautioned Plaintiff about airing the district's "dirty laundry" in public. In connection with this project, Defendant Nava asked Plaintiff to release confidential evaluation information which Plaintiff refused to do.

Sometime in March of 1996, Defendant Nava interfered with Plaintiff's presentation of her report on the Goals 2000 Curriculum Project at an administrators' meeting. After this meeting, Defendant Nava assigned Plaintiff's curriculum duties to another GISD employee.

Defendant Nava gave Plaintiff no explanation or justification for relieving her of her curriculum duties.

On April 11, 1996, the Board held a meeting and discussed Plaintiff's performance and employment status in closed session. Defendants Parks and Nava recommended Plaintiff's contract not be renewed. Plaintiff claims her criticism of GISD programs was a substantial factor in the recommendation of non-renewal made by Defendants Parks and Nava. The Board voted not to renew Plaintiff's contract. Subsequently, Nava sent Plaintiff a memorandum requesting she resign and informing her the Board had approved Park's recommendation not to rehire Plaintiff for the 1996-97 school year.

On April 11, 1997, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants violated her First Amendment right to free speech.

## I. Standard of Review

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969); *Liebson v New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996). The court may dismiss only if it is clear that plaintiff cannot prove any facts entitling her to relief, or that the court could not grant relief under any set of facts plaintiff could prove consistent with her allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Buckley Constr. Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991). The court construes the facts, and the reasonable inferences that might be drawn from them, in favor of the plaintiff. *Beard v. City Northglenn, Colo.*, 24 F.3d 110, 115 (10th Cir. 1994).

## II. Discussion

In *Breidenbach v. Bolish*, the Court of Appeals for the Tenth Circuit set out the standard for a motion to dismiss in the context of a qualified immunity defense.

> In the context of a qualified immunity defense, however, the standard is somewhat different than in the typical Fed.R.Civ.P. 12(b)(6) context. Once the defendant raises a qualified immunity defense, the plaintiff assumes the burden of showing that the defendant has violated clearly established law. To overcome the qualified immunity defense, the plaintiff must identify a clearly established statutory or constitutional right of which a reasonable person would have known, and then allege facts to show that the defendant's conduct violated that right. (citations omitted).

126 F.3d 1288, 1291 (10th Cir.1997). Therefore, in assessing whether the qualified immunity defense should apply, the Court makes two inquiries: First, what was the clearly established law with regard to the Plaintiff's constitutional rights at the time those rights were allegedly violated by Defendants. Second, if the law was clearly established was Defendants' conduct "objectively reasonable" in light of this clearly established law. *Id.*

At the time of the events in question, the law was clearly established that "a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." *Connick v. Myers*, 461 U.S. 138, 142 (1983).

The Court's inquiry in a First Amendment case covers four steps. *Melton v. City of Oklahoma City*, 879 F.2d 706, 713 (10th Cir. 1989), *modified on other grounds*, 928 F.2d 920 (10th Cir.), (en banc), *cert. denied*, 502 U.S. 906 (1991). First the court must determine whether the "employee's speech touches upon a matter of public concern." *Id.* (citing *Connick v. Meyers*, 461 U.S. 138, 146 (1983). If the speech involved a matter of public concern, the court must then balance "the interests of the employee in making the statements against the public employer's

4

interest in the effective and efficient fulfillment of its responsibilities to the public." *Id.* (citing *Pickering v. Board of Educ.*, 391 U.S. 563, 568 (1968)). These two steps involve questions of law for the Court. *Gardetto v. Mason*, 100 F.3d 803, 811 (10th Cir. 1996). Third, assuming the Pickering balancing test tips in favor of the plaintiff, she must show that the protected speech was a "motivating factor" in the employer's detrimental employment decision. *Id.* Finally, "if plaintiff makes this showing, the burden shifts to the employer to show by a preponderance of evidence that it would have reached the same decision in the absence of the protected activity." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). The third and fourth steps involve questions of fact for the jury. *Melton*, 879 F.2d at 713.

Since the law was clearly established at the time of the alleged events, the issue the Court has to address is whether Defendants should reasonably have been on notice that Plaintiff's alleged statements were protected and they could not prevail in the Pickering balancing of interests.

Accepting Plaintiff's factual allegations as true and construing all inferences in her favor, the Court finds that Plaintiff's statement regarding GISD programs clearly concern matters of public interest. Plaintiff's statements regarding the need to improve bilingual testing, the need to improve the bilingual education program, and the need for responsible management of programs concerned information in which the public would be interested. Contrary to Defendants' assertions, Plaintiff's Amended Complaint meets the heightened pleading standard required by the Tenth Circuit to survive Defendants' motion to dismiss.

Finally, Defendants have not presented any evidence of actual disruption of the school

district's services resulting from the speech at issue and thus the Pickering balancing test tips in favor of Plaintiff. Accordingly, Defendants' motion to dismiss Plaintiff's § 1983 claims is denied.

Plaintiff's defamation claim in Count III also survives Defendants' motion to dismiss. Plaintiff asserts Defendants acted "outside the scope of their duties" so that they are not within the protections of the Tort Claims Act. Reading Plaintiff's First Amended Complaint as a whole Plaintiff has pleaded with enough specificity to maintain her claim. Finally, because Plaintiff has alleged a claim against the individual defendants in their individual capacity, the Court will not strike her claim for punitive damages.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is DENIED.

_____
**HOWARD C. BRATTON**
**UNITED STATES DISTRICT JUDGE**